IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-02053-M-RJ

| | |
|---|---|
| LEONARD DALE VAN DAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| WILLIAM W. LOTHROP, et al., | ) |
| | ) |
| Respondents. | ) |

On March 3, 2025, Leonard Dale Van Dam, a federal inmate, filed *pro se* a self-styled "Emergency Filing Action to Compel an Officer of the United States to Perform His Duty Pursuant to Title 28 U.S.C. Sec. 1361 [sic]." See [D.E. 1]. Van Dam asserts, *inter alia*, that: he is a cancer patient; "Defendants owe a duty to [him] by statute to process his request for compassionate release / Reduction in Sentence ("RIS") in accordance with the current Statute"; the Federal Bureau of Prisons ("BOP") wrongly rejected his RIS when it failed to apply United States Sentencing Commission ("U.S.S.C.") Amendment 814; and that the BOP instead is "using an old 2019 BOP Program Statement 5050.50." Id. at 3–4. For relief, Van Dam asks the court to compel defendants to review his RIS under Amendment 814 and to stop using Program Statement 5050.50. Id. at 6.

Van Dam subsequently filed a self-styled "Emergency Motion to have the Defendant's Served and order to respond within 14 days of being serving [sic]." Mot. [D.E. 4].

Discussion:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Mandamus, however, is an extraordinary remedy that is available only if the movant "exhausted all other avenues of relief" and is owed a "nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616–17 (1984); see Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 402 (1976); Cumberland Cty. Hosp. Sys., Inc. v. Burwell, 816 F.3d 48, 52 (4th Cir. 2016).

In May 2023, the U.S.S.C. promulgated amendments to United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13, which governs reduction in terms of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A), and "discusses the contours of 'extraordinary and compelling reasons'" that may warrant a sentence reduction. United States v. Davis, 99 F.4th 647, 654 (4th Cir. 2024) (citing 88 Fed. Reg. 28254 (May 3, 2023)); see United States v. Fresnoza, No. CR 10-00028-03, 2024 WL 2823127, at *2 (D. Guam June 4, 2024) (noting that Amendment 814 became effective Nov. 1, 2023).

"Federal courts have consistently held that the [BOP] Director's decision concerning whether to seek a sentence reduction is a matter of discretion under § 3582(c)(1)(A)." Defeo v. Lapin, No. 08 CIV. 7513, 2009 WL 1788056, at *3 (S.D.N.Y. June 22, 2009) (collecting cases). Also, because granting "compassionate release is discretionary, [Van Dam] has not established a clear and indisputable right to relief." Richmond v. Ebbert, No. 3:CV-13-3095, 2014 WL 279741, at *2 (M.D. Pa. Jan. 23, 2014).

Van Dam also has not shown he has no other adequate means to attain relief. As the dockets in his criminal cases reflect, see United States v. Van Dam, et al., No. 4:15-cr-00252-RLW-1 (E.D. Mo.); United States v. Van Dam, No. 2:22-cr-00113-ABJ-1 (D Wyo.), he has not filed an application for compassionate release or moved to modify his sentence in the sentencing court after Amendment 814 became effective, see Davis, 99 F.4th at 653; United States v. Centeno-

2

Morales, 90 F.4th 274, 278 (4th Cir. 2024); see also Young v. Warden of FCI-Williamsburg, No. CV 9:20-1587-DCC-BM, 2020 WL 4195166, at *4 (D.S.C. May 27, 2020) ("Only a sentencing court can allow a sentence reduction/compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)" (collecting cases)), report and recommendation adopted sub nom. Young v. Warden FCI Williamsburg, No. 9:20-CV-01587-DCC, 2020 WL 4194629 (D.S.C. July 21, 2020).

Van Dam's dissatisfaction with "the sufficiency, completeness, and foundation of" the response to his application to the BOP for compassionate release does not warrant mandamus relief. Hamilton v. Edge, No. 2:18-CV-2, 2019 WL 1089154, at *2 (S.D. Ga. Feb. 19, 2019), report and recommendation adopted, 2019 WL 1088374 (S.D. Ga. Mar. 7, 2019); cf. United States v. Hargrove, 30 F.4th 189, 197–98 (4th Cir. 2022).

In sum, because Van Dam is not owed a "nondiscretionary duty" and also has not shown he "exhausted all other avenues of relief," cf. Heckler, 466 U.S. at 616–17, he fails to show clear entitlement to mandamus, see In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) ("The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." (quotations omitted)).

### Conclusion:

Accordingly, the court: DENIES the petition for a writ of mandamus [D.E. 1]; DENIES AS MOOT the motion to serve respondents [D.E. 4]; and DIRECTS the clerk to close the case.

SO ORDERED this 14th day of April, 2025.

RICHARD E. MYERS II
Chief United States District Judge

3